R. Scott Feldmann (CA Bar No. 169230)
Daniel A. Sasse (CA Bar No. 236234)
Van-Dzung V. Nguyen (CA Bar No. 222832)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
Telephone: (949) 263-8400
Facsimile: (949) 263-8414
Email: sfeldmann@crowell.com
        dsasse@crowell.com
        vnguyen@crowell.com

Kent A. Gardiner
Alexandre de Gramont
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
Email: kgardiner@crowell.com
        adegramont@crowell.com

Attorneys for Plaintiff Bandag, Incorporated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE RUBBER CHEMICALS ANTITRUST LITIGATION | MDL Docket No. C 04-1648 MJJ<br>Individual Case No. C 06-5700 MJJ |
| THIS DOCUMENT RELATES TO:<br><br>*Bridgestone Americas Holding, Inc., et al. v. Chemtura Corporation, et al.* | **STIPULATION REGARDING TEMPORARY STAY OF DISCOVERY AS TO INDIVIDUAL DEFENDANTS AND ADMISSIBILITY OF DEPOSITIONS AND [PROPOSED] ORDER** |

    WHEREAS, *Bridgestone Americas Holding, Inc., et al. v. Chemtura Corporation, et al.*, Individual Case No. C 06-5700 MJJ (this "Action"), was transferred from the Middle District of Tennessee pursuant to 28 U.S.C. § 1407 and docketed with this Court on September 19, 2006 to be coordinated with *In re Rubber Chemicals Antitrust Litigation*, MDL Docket No. C 04-1648 MJJ (the "Rubber Chemicals MDL Proceeding");

    WHEREAS, individual defendants James J. Conway ("Conway"), Joseph B. Eisenberg

1

STIPULATION REGARDING TEMPORARY STAY OF DISCOVERY AND ADMISSIBILITY OF DEPOSITIONS AND [PROPOSED] ORDER (MDL CASE NO. C 04-1648 MJJ; INDIVIDUAL CASE NO. C 06-5700 MJJ)

1  ("Eisenberg"), Michael J. Duchesne ("Duchesne") and Peter D. Welch ("Welch") (collectively
2  referred to as the "Individual Defendants" or separately referred to as each "Individual
3  Defendant"), former or current employees of defendants Chemtura Corporation and/or Uniroyal
4  Chemical Company, Inc. (collectively referred to as "Chemtura"), were named in the Amended
5  Complaint filed on September 22, 2006 in this Action;
6       WHEREAS, motions to dismiss are pending in this Action and are currently scheduled
7  for hearing on June 27, 2007;
8       WHEREAS, each Individual Defendant represents, to the best of his knowledge, that any
9  and all documents (the term "document(s)" shall have the meaning employed in Rule 34(a) of
10  the Federal Rules of Civil Procedure), in his possession, custody or control, relevant to the
11  allegations of the Amended Complaint in this Action have been previously provided to Chemtura
12  for production in the Rubber Chemicals MDL Proceeding;
13       WHEREAS, Chemtura represents that all documents which it had produced in the
14  Rubber Chemicals MDL Proceeding, including all non-privileged documents provided to
15  Chemtura by each Individual Defendant relevant to the allegations of the Amended Complaint,
16  have been produced to plaintiff Bandag, Incorporated ("Bandag") (Bandag, Chemtura and the
17  Individual Defendants are collectively referred to as the "Parties") in this Action;
18       WHEREAS, Conway represents that if his deposition were to be taken now in this
19  Action, his specific answers to each respective question remain the same as to those provided in
20  his videotaped deposition taken on March 9, 2006 in the Rubber Chemicals MDL Proceeding;
21       WHEREAS, Eisenberg represents that if his deposition were to be taken now in this
22  Action, his specific answers to each respective question remain the same as to those provided in
23  his videotaped deposition taken on February 22, 2006 in the Rubber Chemicals MDL
24  Proceeding;
25       WHEREAS, Duchesne represents that if his deposition were to be taken now in this
26  Action, his specific answers to each respective question remain the same as to those provided in
27  his videotaped deposition taken on February 13, 2006 in the Rubber Chemicals MDL
28  Proceeding;

WHEREAS, Welch represents that if his deposition were to be taken now in this Action, his specific answers to each respective question remain the same as to those provided in his videotaped deposition taken on January 19, 2006 in the Rubber Chemicals MDL Proceeding; and

WHEREAS, in order to avoid the expense of conducting discovery pending a decision by the Court on the motions to dismiss, IT IS HEREBY STIPULATED AND AGREED BETWEEN THE PARTIES, BY AND THROUGH THEIR COUNSEL OF RECORD, THAT:

1. Chemtura and/or Individual Defendants may not object to the admissibility, against Chemtura and/or any Individual Defendant in this Action, of the videotaped deposition testimony of Conway taken on March 9, 2006 in the Rubber Chemicals MDL Proceeding, based on the ground that the testimony was given in the Rubber Chemicals MDL Proceeding to which Individual Defendants and Bandag were not parties. Nothing herein, however, limits the ability of any Party to otherwise object to the admissibility of the testimony in this Action under applicable law.

2. Chemtura and/or Individual Defendants may not object to the admissibility, against Chemtura and/or any Individual Defendant in this Action, of the videotaped deposition testimony of Eisenberg taken on February 22, 2006 in the Rubber Chemicals MDL Proceeding, based on the ground that the testimony was given in the Rubber Chemicals MDL Proceeding to which Individual Defendants and Bandag were not parties. Nothing herein, however, limits the ability of any Party to otherwise object to the admissibility of the testimony in this Action under applicable law.

3. Chemtura and/or Individual Defendants may not object to the admissibility, against Chemtura and/or any Individual Defendant in this Action, of the videotaped deposition testimony of Duchesne taken on February 13, 2006 in the Rubber Chemicals MDL Proceeding, based on the ground that the testimony was given in the Rubber Chemicals MDL Proceeding to which Individual Defendants and Bandag were not parties. Nothing herein, however, limits the ability of any Party to otherwise object to the admissibility of the testimony in this Action under applicable law.

4. Chemtura and/or Individual Defendants may not object to the admissibility,

against Chemtura and/or any Individual Defendant in this Action, of the videotaped deposition testimony of Welch taken on January 19, 2006 in the Rubber Chemicals MDL Proceeding, based on the ground that the testimony was given in the Rubber Chemicals MDL Proceeding to which Individual Defendants and Bandag were not parties. Nothing herein, however, limits the ability of any Party to otherwise object to the admissibility of the testimony in this Action under applicable law.

5. The Parties may not object to the admissibility against any Party of any deposition testimony (either party or third party), taken in the Rubber Chemicals MDL Proceeding, based on the ground that the testimony was given in the Rubber Chemicals MDL Proceeding to which Individual Defendants and Bandag were not parties. Nothing herein, however, limits the ability of any Party to otherwise object to the admissibility of the testimony in this Action under applicable law.

6. Discovery against or by the Individual Defendants is temporarily stayed pending a decision issued by the Court on the motions to dismiss, or until July 15, 2007, whichever date is earlier.

7. The stay shall have no impact on the on-going discovery between Chemtura and Bandag, and discovery between Chemtura and Bandag will continue on in its normal course.

8. Should discovery against or by the Individual Defendants become necessary during the stay for any reason, the Parties agree to meet and confer in good faith, and if an agreement cannot be reached, the Parties reserve their rights to seek relief from the Court.

9. After a decision by the Court on the motions to dismiss is issued, or after July 15, 2007, whichever date is earlier, the stay is lifted, and discovery against or by the Individual Defendants may be conducted in its normal course, subject to the right of any Party to seek a protective order if it believes it is warranted and a proper showing can be made.

/ / /

/ / /

/ / /

/ / /

1  10. Each undersigned counsel represents that he or she has conferred with his or her
2 respective client(s) regarding the above representations and has full authority to enter into this
3 Stipulation on behalf of his or her respective client(s).

4  **IT IS SO STIPULATED.**

5 Dated: July 30, 2007  **CROWELL & MORING LLP**

7  
R. Scott Feldmann  
Daniel A. Sasse  
8 Van-Dzung V. Nguyen  
3 Park Plaza, 20th Floor  
9 Irvine, CA  92614-8505  
Telephone:    (949) 263-8400  
10 Facsimile:    (949) 263-8414

11 Kent A. Gardiner  
Alexandre de Gramont  
12 1001 Pennsylvania Avenue, NW  
Washington, DC  20004  
13 Telephone:    (202) 624-2500  
Facsimile:    (202) 628-5116

14  
15 Attorneys for Plaintiff Bandag, Incorporated

16 Dated: July    , 2007  **O'MELVENY & MYERS LLP**

18  
Ian T. Simmons  
Matthew R. Cosgrove  
19 Benjamin G. Bradshaw  
Nilam A. Sanghvi  
20 Angela Thaler Wilks  
1625 Eye Street, NW  
21 Washington, DC 20006-4001  
Telephone:    (202) 383-5300  
22 Facsimile:    (202) 383-5414

23 Attorneys for Defendants Chemtura  
Corporation (formerly known as Crompton Corporation)  
24 and Uniroyal Chemical Company, Inc.

26  SIGNATURES CONTINUED ON FOLLOWING PAGE

ADDITIONAL SIGNATURE PAGE TO
STIPULATION REGARDING TEMPORARY STAY OF DISCOVERY AS TO INDIVIDUAL DEFENDANTS AND [PROPOSED] ORDER

Dated: June    , 2007                **ROPES & GRAY LLP**

_____
Jason Brown
Rachel Nash
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone:    (212) 596-9000
Facsimile:    (212) 596-9090

Attorneys for Defendant Michael J. Duchesne

Dated: June    , 2007                **COOLEY GODWARD KRONISH LLP**

_____
William J. Schwartz
Jason M. Koral
1114 Avenue of the Americas
New York, NY  10036-7798
Telephone:    (212) 856-9600
Facsimile:    (212) 856-9494

Attorneys for Defendant Joseph B. Eisenberg

Dated: June    , 2007                **MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P.C.**

_____
Barry A. Bohrer
E. Scott Schirick
565 Fifth Avenue
New York, NY  10017
Telephone:    (212) 856-9600
Facsimile:    (212) 856-9494

Attorneys for Defendant Peter D. Welch

SIGNATURES CONTINUED ON FOLLOWING PAGE

ADDITIONAL SIGNATURE PAGE TO
STIPULATION REGARDING TEMPORARY STAY OF DISCOVERY AS TO INDIVIDUAL
DEFENDANTS AND [PROPOSED] ORDER

Dated: June    , 2007

**PILLSBURY WINTHROP SHAW & PITTMAN LLP**

_____
Mark R. Hellerer
Ranah L. Esmiali
1540 Broadway
New York, New York  10036
Telephone:      (212) 858-1000
Facsimile:       (212) 858-1500

Attorneys for Defendant James J. Conway

7

STIPULATION REGARDING TEMPORARY STAY OF DISCOVERY AND ADMISSIBILITY OF DEPOSITIONS AND
[PROPOSED] ORDER (MDL CASE NO. C 04-1648 MJJ; INDIVIDUAL CASE NO. C 06-5700 MJJ)

**GOOD CAUSE APPEARING THEREFORE, IT IS ORDERED THAT**:

1. Chemtura and/or Individual Defendants may not object to the admissibility, against Chemtura and/or any Individual Defendant in this Action, of the videotaped deposition testimony of Conway taken on March 9, 2006 in the Rubber Chemicals MDL Proceeding, based on the ground that the testimony was given in the Rubber Chemicals MDL Proceeding to which Individual Defendants and Bandag were not parties. Nothing herein, however, limits the ability of any Party to otherwise object to the admissibility of the testimony in this Action under applicable law.

2. Chemtura and/or Individual Defendants may not object to the admissibility, against Chemtura and/or any Individual Defendant in this Action, of the videotaped deposition testimony of Eisenberg taken on February 22, 2006 in the Rubber Chemicals MDL Proceeding, based on ground that the testimony was given in the Rubber Chemicals MDL Proceeding to which Individual Defendants and Bandag were not parties. Nothing herein, however, limits the ability of any Party to otherwise object to the admissibility of the testimony in this Action under applicable law.

3. Chemtura and/or Individual Defendants may not object to the admissibility, against Chemtura and/or any Individual Defendant in this Action, of the videotaped deposition testimony of Duchesne taken on February 13, 2006 in the Rubber Chemicals MDL, based on the ground that the testimony was given in the Rubber Chemicals MDL Proceeding to which Individual Defendants and Bandag were not parties. Nothing herein, however, limits the ability of any Party to otherwise object to the admissibility of the testimony in this Action under applicable law.

4. Chemtura and/or Individual Defendants may not object to the admissibility, against Chemtura and/or any Individual Defendant in this Action, of the videotaped deposition testimony of Welch taken on January 19, 2006 in the Rubber Chemicals MDL Proceeding, based on the ground that the testimony was given in the Rubber Chemicals MDL Proceeding to which Individual Defendants and Bandag were not parties. Nothing herein, however, limits the ability of any Party to otherwise object to the admissibility of the testimony in this Action under

STIPULATION REGARDING TEMPORARY STAY OF DISCOVERY AND ADMISSIBILITY OF DEPOSITIONS AND [PROPOSED] ORDER (MDL CASE NO. C 04-1648 MJJ; INDIVIDUAL CASE NO. C 06-5700 MJJ)

applicable law.

5. The Parties may not object to the admissibility against any Party of any deposition testimony (either party or third party), taken in the Rubber Chemicals MDL Proceeding, based on the ground that the testimony was given in the Rubber Chemicals MDL Proceeding to which Individual Defendants and Bandag were not parties. Nothing herein, however, limits the ability of any Party to otherwise object to the admissibility of the testimony in this Action under applicable law.

6. Discovery against or by Individual Defendants is temporarily stayed pending a decision issued by the Court on the motions to dismiss, or until July 15, 2007, whichever date is earlier.

7. The stay shall have no impact on the on-going discovery between Chemtura and Bandag, and discovery between Chemtura and Bandag will continue on in its normal course.

8. Should discovery against or by the Individual Defendants become necessary during the stay for any reason, the Parties agree to meet and confer in good faith, and if an agreement cannot be reached, the Parties may seek relief from the Court.

9. After a decision by the Court on the motions to dismiss is issued, or after July 15, 2007, whichever date is earlier, the stay is lifted, and discovery against or by the Individual Defendants may be conducted in its normal course, subject to the right of any Party to seek a protective order if it believes it is warranted and a proper showing can be made.

**IT IS SO ORDERED**.

Dated: ____8/2_____, 2007     BY: _____/s/ Martin J. Jenkins_____

HONORABLE MARTIN J. JENKINS
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
CALIFORNIA