R. Scott Feldmann (CA Bar No. 169230)
Daniel A. Sasse (CA Bar No. 236234)
Van-Dzung V. Nguyen (CA Bar No. 222832)
Chahira Solh (CA Bar No. 248985)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400
Facsimile: (949) 263-8414
Email: sfeldmann@crowell.com
 dsasse@crowell.com
 vnguyen@crowell.com
 csolh@crowell.com

Kent A. Gardiner
Alexandre de Gramont
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
Email: kgardiner@crowell.com
 adegramont@crowell.com

Attorneys for Plaintiff Bandag, Incorporated
(now Bridgestone Bandag, LLC)
Additional Counsel Appear on Signature Page

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE RUBBER CHEMICALS ANTITRUST LITIGATION | MDL Docket No. C 04-1648 MJJ<br>Individual Case No. C 06-5700 MJJ |
| THIS DOCUMENT RELATES TO:<br>*Bridgestone Americas Holding, Inc., et al. v. Chemtura Corporation, et al.* | **JOINT CASE MANAGEMENT STATEMENT [AND] PROPOSED CASE MANAGEMENT ORDER** |

The Parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request that the Court adopt it as its Case Management Order in this case.

I. **JURISDICTION AND SERVICE**

Pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation transferred this action to this Court for coordinated multi-district litigation pretrial proceedings on

September 19, 2006. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337(a).

No issues have been raised regarding personal jurisdiction or venue. All Defendants have been served with the action.

## II. DESCRIPTION OF EVENTS UNDERLYING ACTION

On June 29, 2006, plaintiffs Bridgestone Americas Holding, Inc., Bridgestone Firestone North American Tire, LLC, Pirelli Tire, LLC and Bandag, Incorporated ("Plaintiff" or "Bandag"), opt-outs from the federal rubber chemicals class action formerly before this Court, filed this action in the Middle District of Tennessee alleging that the defendants engaged in an unlawful price-fixing conspiracy in violation of Sherman Act § 1 and Clayton Act § 4. Defendants Chemtura Corporation and Uniroyal Chemical Company, Inc. (collectively "Chemtura") filed a Notice of Tag-Along Action with the Judicial Panel for Multi-District Litigation (the "MDL Panel") requesting that the action be transferred to this Court. The request was unopposed. On August 3, 2006, the MDL Panel issued a conditional order transferring the action to this Court for coordinated pretrial proceedings. On September 22, 2006, plaintiffs filed an Amended Complaint in this Court, which, *inter alia*, added the following four individual defendants: James J. Conway ("Conway"), Michael J. Duchesne ("Duchesne"), Joseph B. Eisenberg ("Eisenberg"), and Peter D. Welch ("Welch") (collectively "Individual Defendants"). On or about January 5, 2007, plaintiffs Bridgestone Americas Holding, Inc. and Bridgestone Firestone North American Tire, LLC, having reached a settlement with Chemtura, voluntarily dismissed their complaints with prejudice. Pirelli Tire, LLC did the same on or about March 6, 2007. As a result, Bandag is the sole plaintiff in this action.

## III. THE PRINCIPAL FACTUAL ISSUES WHICH THE PARTIES DISPUTE

Bandag alleges that Chemtura, along with other non-party rubber chemicals manufacturers, conspired to "fix, raise, maintain and stabilize the price of, and allocate customers and the market for, Rubber Chemicals sold within and outside the United States." (Am. Compl. ¶ 87.) As a result, Bandag claims it suffered injury by paying higher prices for rubber chemicals than it would have paid in the absence of the alleged conspiracy and seeks damages for its alleged injuries beginning in 1993 and continuing into 2003. (*Id.* ¶¶ 1, 2.)

Chemtura denies that Bandag has suffered any injury and damages caused by the alleged conspiracy.

The following is merely an exemplary list of disputed factual issues, and the Parties reserve their rights to supplement it. Among other factual issues, the Parties dispute whether:

(a) the Defendants entered into the agreement alleged in the Amended Complaint with respect to the relevant Rubber Chemicals purchased by Bandag.

(b) the Defendants' alleged actions had the effect of setting the price of the relevant Rubber Chemicals at supracompetitive levels.

(c) as a result of the Defendants' alleged actions, Bandag paid supracompetitive prices for the various Rubber Chemicals it claims to have purchased.

(d) Bandag suffered any injury in fact by virtue of the conduct alleged in the Amended Complaint.

## IV. THE PRINCIPAL LEGAL ISSUES WHICH THE PARTIES DISPUTE

The following is merely an exemplary list, and the Parties reserve their rights to supplement it. Among other legal issues, the Parties dispute whether:

(a) the Defendants reached an agreement with others to fix the prices of the various Rubber Chemicals allegedly purchased by Bandag over the course of the relevant time period alleged in the Amended Complaint, in violation of Sherman Act § 1, 15 U.S.C. § 1.

(b) Bandag has sustained an antitrust injury proximately caused by the Defendants' actions as required by Clayton Act § 4, 15 U.S.C. § 15.

(c) Bandag has suffered any cognizable damages.

(d) Bandag mitigated its damages.

(e) Bandag's claims are barred by the statute of limitations.

## V. MOTIONS

Chemtura filed a Partial Motion to Dismiss the Amended Complaint on November 13, 2006. The Individual Defendants filed Motions to Dismiss on January 16, 2007 (Duchesne, Eisenberg, and Welch) and January 29, 2007 (Conway). The Court recently issued an Order granting in part and denying in part the Motions. *See* Section XVI, *infra*.

Pursuant to a Discovery Conference and Scheduling Order issued by Magistrate Judge Zimmerman on August 15, 2007, Bandag filed a Motion for Protective Order concerning the scope of Chemtura's Notice of Deposition to Bandag pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. If Judge Zimmerman determines a hearing to be necessary, it will take place before him on September 19, 2007.

Other than additional discovery-related motions that may arise and the dispositive motions referenced in the proposed schedule below, the Parties do not anticipate any other motions at this time.

## VI. AMENDMENT OF PLEADINGS

The Parties do not anticipate amending the pleadings at this time.

## VII. EVIDENCE PRESERVATION

Counsel for the respective parties have instructed the Parties to preserve all documents, including electronic documents and data that relate to this litigation.

## VIII. DISCLOSURES

Bandag and Chemtura have exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26.

The Individual Defendants have not yet provided initial disclosures pursuant to Federal Rule of Civil Procedure 26. However, they will do so pursuant to the schedule below.

## IX. DISCOVERY

Bandag and Chemtura are currently engaged in on-going discovery, and both have propounded and responded to requests for production of documents. Bandag has also responded to interrogatories, and requests for admission. Chemtura has also recently propounded on Bandag additional interrogatories. Bandag and Chemtura have also scheduled Bandag's Fed. R. Civ. Proc. 30(b)(6) depositions and are in the process of scheduling individual depositions.

Pursuant to the Stipulation Regarding Temporary Stay of Discovery as to Individual Defendants and Admissibility of Depositions lodged with the court on July 30, 2007 (*see* MDL Docket Entry No. 541; Individual Case Docket Entry No. 138), discovery against or by the Individual Defendants was temporarily stayed pending a decision by the Court on the motions to

dismiss or until July 15, 2007, whichever date is earlier. The Parties anticipate that discovery with respect to the Individual Defendants will commence soon.

The Parties anticipate additional written discovery and depositions.

The Parties have agreed to the following discovery plan:

1. **Limitations on Merits Discovery**

    The following limitations shall apply to discovery:

    (a) **Number of Depositions**

    Fed. R. Civ. P. 30(a)(2)(A) limiting the number of depositions to ten is waived.

    (b) **Duration of Depositions**

    Fed. R. Civ. P. 30(d)(2) limiting the duration of a deposition to one day of seven hours is NOT waived or modified.

    (c) **Interrogatories**

    Fed. R. Civ. P. 33 limiting the number of interrogatories to 25 per party is NOT waived.

2. **Experts**

    Expert discovery will be subject to the Court's Order on the Stipulation regarding Expert Discovery dated July 13, 2007. (*See* MDL Docket Entry No. 539; Individual Case Docket Entry No. 136.)

3. **Discovery Dispute Procedures**

    In the event that a discovery dispute arises, the Parties to the dispute shall comply with the procedures for resolution set forth in the Court's Fourth Discovery Order, dated June 6, 2006.

X. **CLASS ACTIONS**

This individual action is not a class action.

XI. **RELATED CASES**

This action is part of *In Re Rubber Chemicals Litigation*, MDL Docket No. C 04-1648 MJJ.

## XII. RELIEF

Bandag seeks money damages, including treble damages and/or restitution. Bandag is unable to state its damages with precision at this time because that determination will require discovery and expert analysis. Bandag also seeks cost of this suit and reasonable attorneys' fees.

## XIII. SETTLEMENT AND ADR

Chemtura and Bandag have had extensive settlement communications and do not believe that further discussions at this time would be fruitful.

The Parties have not been assigned to or agreed to any ADR procedures and believe that an ADR referral is premature at this time.

## XIV. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties do not consent to assignment of this case to a Magistrate Judge.

## XV. OTHER REFERENCES

This case is not suitable for binding arbitration or a special master; this case was transferred to this Court by the Judicial Panel on Multidistrict Litigation.

## XVI. NARROWING OF ISSUES

On August 15, 2007, this Court granted Defendants' Motion to Dismiss Bandag's allegations of foreign injuries, narrowing the issues in dispute. The Parties have not yet evaluated the specific issues for further dispositive motions, if any, in this case.

## XVII. EXPEDITED SCHEDULE

The Parties have agreed to the schedule set forth below, *see* Section XVIII, *infra*, and do not believe that this case can be handled on a more expedited basis.

## XVIII. SCHEDULING

The Parties have met and conferred and have agreed on the following Proposed Case Management Schedule:

///
///
///
///

| Item | Proposed Deadlines/Dates (For All Parties) |
|---|---|
| Discovery Begins (between Individual Defendants and Bandag only) | July 15, 2007 (between individual defendants and Bandag only) |
| Chemtura's Answer to Bandag's Amended Complaint | August 29, 2007 |
| Initial Disclosures (between Individual Defendants and Bandag only) | September 12, 2007 (between individual defendants and Bandag only) |
| Individual Defendants' Answer to Bandag's Amended Complaint | September 19, 2007 |
| Plaintiff's Expert Reports & Back-Up | December 10, 2007 |
| Defendants' Expert Reports & Back-Up | January 7, 2008 |
| Plaintiff's Rebuttal Reports & Back-Up | February 4, 2008 |
| Deposition of Plaintiff's Experts | Completed by February 19, 2008 |
| Deposition of Defendants' Experts | Completed by March 4, 2008 |
| Discovery Cut-Off | April 10, 2008 |
| Dispositive Motions | April 30, 2008 |
| Oppositions to Dispositive Motions | May 29, 2008 |
| Replies in support of Dispositive Motions | June 19, 2008 |
| Hearing on Dispositive Motions | June 30, 2008 |
| Remand Date | July/August 2008 |
| Pretrial Conference | September/October 2008 |
| Trial Date | October/November 2008 |

## XIX. TRIAL

Bandag has requested that this case be tried by a jury. The expected length of trial is four weeks.

## XX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

1.    Bandag filed a Second Amended Certification of Interested Entities or Persons, pursuant to Civil Local Rule 3-16, with the Court on August 22, 2007. The contents of the certification are as follows:

- Bandag, Incorporated, now Bridgestone Bandag, LLC, a wholly-owned subsidiary of Bridgestone Americas Holding, Inc.;
- Bridgestone Americas Holding, Inc., a subsidiary of Bridgestone Corporation; and
- Bridgestone Corporation, parent corporation and publicly held company holding 10% of Bridgestone Americas Holding, Inc.

2. Chemtura filed a Certification of Interested Entities or Persons, pursuant to Civil Local Rule 3-16, with the Court on November 13, 2006. The contents of the certification are as follows:

- Chemtura Corporation (formerly known as Crompton Corporation), a publicly held company with no parent corporation; and
- Uniroyal Chemical Company, Inc. (then known as Chemtura USA Corporation), a wholly-owned subsidiary of Chemtura Corporation.

Uniroyal Chemical Company, Inc. filed an Amended Certification of Interested Entities or Persons, pursuant to Civil Local Rule 3-16, with the Court on June 22, 2007. The contents of the certification are as follows:

- As of December 31, 2004, Crompton Sales Company, Inc. merged with Uniroyal Chemical Company, Inc., and the name of Uniroyal Chemical Company, Inc. (the surviving entity) was changed to Crompton Manufacturing Company, Inc.;
- As of July 1, 2005, Crompton Corporation (Uniroyal Chemical Company, Inc.'s parent corporation) merged with Great Lakes Chemical Company and the combined company became Chemtura Corporation;
- As of December 30, 2005, Crompton Manufacturing Company, Inc. changed its name to Chemtura USA Corporation; and
- As of December 31, 2006, Chemtura USA Corporation merged into Chemtura Corporation. Chemtura has no parent corporation. Additionally, no publicly held company owns 10% or more of Chemtura's stock.

3. The Individual Defendants have not yet filed a Certification of Interested Entities or Persons with the Court.

Respectively submitted,

Dated: October 2, 2007　　**CROWELL & MORING LLP**

/s/ Daniel A. Sasse
R. Scott Feldmann
Daniel A. Sasse
Van-Dzung V. Nguyen
Chahira Solh
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
Telephone: (949) 263-8400
Facsimile: (949) 263-8414

Kent A. Gardiner
Alexandre de Gramont
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Attorneys for Plaintiff Bandag, Incorporated

Dated: October ___, 2007　　**O'MELVENY & MYERS LLP**

Michael F. Tubach
Steven E. Conigliaro
Embarcadero Center West
274 Battery Street, 26th Floor
San Francisco, CA 94111-3344
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Michael Maddigan
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Ian Simmons
Benjamin G. Bradshaw
1625 Eye Street, NW
Washington, DC 20006-4001
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Defendants Chemtura Corporation
(formerly known as Crompton Corporation) and
Uniroyal Chemical Company, Inc.
(now merged into Chemtura Corporation)

|   |   |   |
|---|---|---|
| 1 |   | Respectively submitted, |
| 2 |   |   |
| 3 | Dated: September___, 2007 | **CROWELL & MORING LLP** |
| 4 |   |   |
| 5 |   | _____ |
| 6 |   | R. Scott Feldmann<br>Daniel A. Sasse<br>Van-Dzung V. Nguyen |
| 7 |   | 3 Park Plaza, 20th Floor<br>Irvine, CA 92614-8505 |
| 8 |   | Telephone: (949) 263-8400<br>Facsimile: (949) 263-8414 |
| 9 |   | Kent A. Gardiner |
| 10 |   | Alexandre de Gramont<br>1001 Pennsylvania Avenue, NW |
| 11 |   | Washington, DC 20004<br>Telephone: (202) 624-2500 |
| 12 |   | Facsimile: (202) 628-5116 |
| 13 |   | Attorneys for Plaintiff Bandag, Incorporated |
| 14 | Dated: September 19, 2007 | **O'MELVENY & MYERS LLP** |
| 15 |   | /s/ |
| 16 |   | Michael F. Tubach |
| 17 |   | Steven E. Conigliaro<br>Embarcadero Center West |
| 18 |   | 274 Battery Street, 26th Floor<br>San Francisco, CA 94111-3344 |
| 19 |   | Telephone: (415) 984-8700<br>Facsimile: (415) 984-8701 |
| 20 |   | Michael Maddigan |
| 21 |   | 400 South Hope Street, 18th Floor<br>Los Angeles, CA 90071-2899 |
| 22 |   | Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407 |
| 23 |   | Ian Simmons |
| 24 |   | Benjamin G. Bradshaw<br>1625 Eye Street, NW |
| 25 |   | Washington, DC 20006-4001<br>Telephone: (202) 383-5300 |
| 26 |   | Facsimile: (202) 383-5414 |
| 27 |   | Attorneys for Defendants Chemtura Corporation |
| 28 |   | (formerly known as Crompton Corporation) and<br>Uniroyal Chemical Company, Inc. (now merged into<br>Chemtura Corporation) |

9
JOINT CASE MANAGEMENT STATEMENT
MDL CASE NO. C 04-1648 MJJ; INDIVIDUAL CASE NO. C 06-5700 MJJ

| | |
|---|---|
| 1 | ADDITIONAL SIGNATURE PAGE TO |
| 2 | JOINT CASE MANANGEMENT STATEMENT |

Dated: ~~August~~ *September 26*, 2007          PILLSBURY WINTHROP SHAW PITTMAN LLP

*/s/ Mark P. Hellerer*
_____
Mark Hellerer
Ranah Leila Esmaili
1540 Broadway
New York, NY 10036-4039
Telephone:    (212) 858-1000
Facsimile:    (212) 858-1500

Attorney for Defendant James J. Conway

Dated: August___, 2007          **ROPES & GRAY LLP**


_____
Jason Brown
Rachel J. Nash
45 Rockefeller Plaza
New York, NY 10111
Telephone:  (212) 841-5700
Facsimile:  (212) 841-5725

Attorneys for Defendant Michael J. Duchesne

Dated: August ___, 2007          **COOLEY GODWARD KRONISH LLP**


_____
William J. Schwartz
Jason M. Koral
1114 Avenue of the Americas
New York, NY 10036-7798
Telephone:  (212) 856-9600
Facsimile:  (212) 856-9494

Attorneys for Defendant Joseph B. Eisenberg

[SIGNATURES CONTINUED ON FOLLOWING PAGE]

ADDITIONAL SIGNATURE PAGE TO
JOINT CASE MANANGEMENT STATEMENT

Dated: August __, 2007                    **PILLSBURY WINTHROP SHAW PITTMAN LLP**

---
Mark Hellerer
Ranah Leila Esmaili
1540 Broadway
New York, NY 10036-4039
Telephone:     (212) 858-1000
Facsimile:     (212) 858-1500

Attorney for Defendant James J. Conway

Dated: ~~August~~ September 28, 2007      **ROPES & GRAY LLP**

*/s/ Jason Brown/*

---
Jason Brown
Rachel J. Nash
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 841-5700
Facsimile: (212) 841-5725

Attorneys for Defendant Michael J. Duchesne

Dated: August ___, 2007                   **COOLEY GODWARD KRONISH LLP**

---
William J. Schwartz
Jason M. Koral
1114 Avenue of the Americas
New York, NY 10036-7798
Telephone: (212) 856-9600
Facsimile: (212) 856-9494

Attorneys for Defendant Joseph B. Eisenberg

[SIGNATURES CONTINUED ON FOLLOWING PAGE]

ADDITIONAL SIGNATURE PAGE TO
JOINT CASE MANANGEMENT STATEMENT

Dated: August __, 2007        **PILLSBURY WINTHROP SHAW PITTMAN LLP**

---
Mark Hellerer
Ranah Leila Esmaili
1540 Broadway
New York, NY 10036-4039
Telephone:    (212) 858-1000
Facsimile:    (212) 858-1500

Attorney for Defendant James J. Conway

Dated: August___, 2007        **ROPES & GRAY LLP**

---
Jason Brown
Rachel J. Nash
45 Rockefeller Plaza
New York, NY 10111
Telephone:  (212) 841-5700
Facsimile:  (212) 841-5725

Attorneys for Defendant Michael J. Duchesne

Dated: August ___, 2007        **COOLEY GODWARD KRONISH LLP**

---
William J. Schwartz
Jason M. Koral
1114 Avenue of the Americas
New York, NY 10036-7798
Telephone:  (212) 856-9600
Facsimile:  (212) 856-9494

Attorneys for Defendant Joseph B. Eisenberg

[SIGNATURES CONTINUED ON FOLLOWING PAGE]

ADDITIONAL SIGNATURE PAGE TO
JOINT CASE MANANGEMENT STATEMENT

Dated: ~~August~~ September 20, 2007

MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P.C.

_____
Barry A. Bohrer
E. Scott Schirick
565 Fifth Avenue
New York, NY 10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494

Attorneys for Defendant Peter D. Welch

11

# [PROPOSED] CASE MANAGEMENT ORDER

The Court has considered the Joint Case Management Statement submitted by the Parties, and hereby finds and orders the following which shall govern the proceedings in *Bridgestone Americas Holding, Inc., et al. v. Chemtura Corporation, et al.*, Individual Case No. C 06-5700 MJJ:

1. **Limitations on Merits Discovery**

    The following limitations shall apply to discovery:

    (a) **Number of Depositions**

    Fed. R. Civ. P. 30(a)(2)(A) limiting the number of depositions to ten is waived.

    (b) Duration of Depositions

    Fed. R. Civ. P. 30(d)(2) limiting the duration of a deposition to one day of seven hours is NOT waived or modified.

    (c) Interrogatories

    Fed. R. Civ. P. 33 limiting the number of interrogatories to 25 per party is NOT waived.

2. **Experts**

    Expert discovery will be subject to the Court's Order on the Stipulation regarding Expert Discovery dated July 13, 2007. (*See* MDL Docket Entry No. 539; Individual Case Docket No. 136.)

3. **Discovery Dispute Procedures**

    In the event that a discovery dispute arises, the Parties to the dispute shall comply with the procedures for resolution set forth in the Court's Fourth Discovery Order, dated June 6, 2006.

/ / /

/ / /

/ / /

/ / /

12
JOINT CASE MANAGEMENT STATEMENT [AND] PROPOSED CASE MANAGEMENT ORDER
MDL CASE NO. C 04-1648 MJJ; INDIVIDUAL CASE NO. C 06-5700 MJJ

4. **Schedule**

The following schedule shall govern these proceedings:

| Item | Deadlines/Dates |
|---|---|
| Discovery Begins (between Individual Defendants and Bandag only) | July 15, 2007 (between individual defendants and Bandag only) |
| Chemtura's Answer to Bandag's Amended Complaint | August 29, 2007 |
| Initial Disclosures (between Individual Defendants and Bandag only) | September 12, 2007 (between individual defendants and Bandag only) |
| Individual Defendants' Answer to Bandag's Amended Complaint | September 19, 2007 |
| Plaintiff's Expert Reports & Back-Up | December 10, 2007 |
| Defendants' Expert Reports & Back-Up | January 7, 2008 |
| Plaintiff's Rebuttal Reports & Back-Up | February 4, 2008 |
| Deposition of Plaintiff's Experts | Completed by February 19, 2008 |
| Deposition of Defendants' Experts | Completed by March 4, 2008 |
| Discovery Cut-Off | April 10, 2008 |
| Dispositive Motions | April 30, 2008 |
| Oppositions to Dispositive Motions | May 29, 2008 |
| Replies in support of Dispositive Motions | June 19, 2008 |
| Hearing on Dispositive Motions | June 30, 2008 |
| Remand Date | July/August 2008 |
| Pretrial Conference | September/October 2008 |
| Trial Date | October/November 2008 |

**IT IS SO ORDERED.**

Dated: _____

_____
Honorable Martin J. Jenkins
United States District Court for the
Northern District of California

DC4043292 (CAM NO. 1016092.001)